# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 99 CR 544-3 |
| | ) |
| ALEX MICHAUD, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the United States of America to dismiss Defendant Alex Michaud's petition for writ of habeas corpus. For the reasons stated below, the motion to dismiss is granted without prejudice.

## BACKGROUND

Alex Michaud was charged in this matter with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He subsequently pled guilty and was sentenced by this Court in July, 2001 to a term of imprisonment of 112 months incarceration. Michaud has been in custody since July 26, 1999. Although this Court recommended boot camp and a drug program at sentencing, the Bureau of Prisons did not allow Michaud to participate in these programs.

In his habeas petition, Michaud seeks early admission into a halfway house, community confinement or home confinement. Michaud argues that recently, both the Third and Eighth Circuit Courts of Appeal rejected the Bureau of Prisons' interpretation of regulations limiting a prisoner's release to a halfway house until the final 10% of the sentence, not to exceed six months. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005); *Fults v.*

*Sanders*, 442 F.3d 1088 (8th Cir. 2006). Michaud argues this Court's recommendations should be applied and Michaud should be immediately released to a halfway house, or his supervised release should be reduced.

DISCUSSION

Michaud styles his motion as both a motion under 28 U.S.C. § 2241 and a motion under 28 U.S.C. § 2255. As the Seventh Circuit has held, "[m]otions under § 2255 challenge the validity of a prisoner's conviction or sentence, while petitions under § 2241 challenge the execution of the sentence." *See Guzzino v. United States,* 37 Fed. Appx. 199, 201 (7th Cir. 2002). In this case, Michaud challenges the fact that he has not yet been admitted to a halfway house, community confinement, or home confinement. Michaud does not attack the validity of his conviction or sentence. *See, e.g., Graves v. United States,* 124 F.3d 204 (7th Cir. 1997) (holding that when defendant challenges the Bureau of Prison's failure to follow the Judge's recommendation that defendant be placed in boot camp, the defendant is not challenging the validity of his conviction or sentence and therefore, the proper remedial motion is a motion under § 2241).

In this case, because Michaud's claim is that the Bureau of Prisons is improperly executing his sentence, the motion should be construed as a motion under 28 U.S.C. § 2241. *See, e.g., United States v. Rivera,* 59 Fed. Appx. 141, 143 (7th Cir. 2003). The proper venue for a motion under § 2241 is the jurisdiction of confinement. *See id.* When the case is brought in any other venue, the appropriate remedy is a dismissal without prejudice for lack of jurisdiction. *See id.; see also United States v. Mittelsteadt,* 790 F.2d 39, 41 (7th Cir. 1986). Michaud's jurisdiction of confinement is the District of Minnesota. This Court therefore does not have jurisdiction over his claim, and we dismiss the habeas corpus petition without prejudice.

## CONCLUSION

For the foregoing reasons, we grant the United States of America's motion to dismiss defendant Alex Michaud's habeas corpus petition. (# 402). The petition for habeas corpus is dismissed without prejudice.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: December 3, 2007